IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | *      CRIM. NO. JKB-17-453 |
| ERIC EPSTEIN, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM ORDER

The Defendant Eric Epstein was sentenced to a period of 135 months' imprisonment after pleading guilty to Conspiracy to Commit Mail Fraud and Conspiracy to Defraud the Internal Revenue Service. (ECF No. 58.) Epstein has served approximately 19 months and is currently incarcerated at FCI Jesup. He has now filed a Motion to Reduce Sentence (ECF No. 70) in light of the COVID-19 Pandemic Crisis. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020). No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, the Motion will be DENIED.

Motions for compassionate release are governed pursuant to 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* A defendant may only move for compassionate release under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden

1

of the defendant's facility, whichever is earlier." *Id.* Epstein filed a request with the warden of his institution on April 20, 2020, and the government does not dispute that he has satisfied the procedural requirements of § 3582(c)(1)(A). (*See* ECF No. 70, at 3.) Therefore, the Court must determine: (1) whether "extraordinary and compelling reasons" exist which would warrant a reduction in Epstein's sentence; and (2) whether release is consistent with the factors set forth in 18 U.S.C. § 3553(a).

## I. *Extraordinary and Compelling Reasons*

Under 28 U.S.C. § 994(t), the United States Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The Commission has stated that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least 65 years old and has served ten years or 75% of his term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), "which was enacted to further increase the use of compassionate release and which explicitly allows courts to grant such motions even when B[O]P finds they are not appropriate." *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). This Court and many others have determined that under the First Step Act, "BOP is no longer the exclusive arbiter of what constitutes other 'extraordinary and compelling reasons,'" and that courts may now "independently determine what constitutes other 'extraordinary and

compelling reasons' for compassionate release[.]" *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020). This Court likewise has held that "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *Id. See also United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish extraordinary and compelling reasons by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

The combination of Epstein's health situation and the outbreak of COVID-19 at FCI Jesup satisfies this standard. Epstein has identified several medical conditions which heighten his risk of suffering from severe illness should he contract COVID-19: (1) he is 60 years old; (2) he suffers from Chronic Obstructive Pulmonary Disease (COPD); and (3) he suffers from other medical conditions, including hypertension, hyperlipidemia, peripheral neuropathy, sleep apnea, thyroid issues, and a subcutaneous lesion. (ECF No. 70, at 1–2.) The CDC has confirmed that both Epstein's age and COPD are associated with a heightened risk of severe illness from COVID-19. *See* Coronavirus Disease 2019 (COVID-19): People Who Are at Increased Risk for Severe Illness, CTRS. FOR DISEASE CONTROL, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed July 28, 2020). Additionally, the CDC has identified hypertension as a condition that might be associated with a heightened risk of severe illness, and the Court recognizes the possibility that at least some of Epstein's other conditions may further enhance his risk. In sum, there is no denying that Epstein is at a heightened risk of severe illness.

3

Further, Epstein has demonstrated that he is at a substantially increased risk of contracting COVID-19 at FCI Jesup, due to the ongoing outbreak at the facility. As of this writing, 256 inmates at FCI Jesup have tested positive for COVID-19—a stark increase from 24 inmates when Epstein submitted his supplemental memorandum on July 10 (ECF No. 75, at 1), and 196 inmates when he submitted his reply memorandum on July 24 (ECF No. 77, at 2). *See* COVID-19 Cases, BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed July 28, 2020). More disturbingly, Epstein has reported that as of July 24, he was "being cohorted in a room with 77 other inmates" while awaiting the results of a COVID-19 test. (ECF No. 77, at 2.) Under these circumstances, there appears to be a significant likelihood that Epstein has contracted COVID-19 or will in the near future. While Epstein's medical conditions alone might not suffice, the combination of these conditions and the situation at FCI Jesup constitutes an "extraordinary and compelling" reason as required for the Court to consider compassionate release.

## *II.    Section 3553(a) Factors*

Having determined that Epstein has presented "extraordinary and compelling reasons" supporting compassionate release, the Court must still consider whether the § 3553(a) factors permit Epstein's release. Section 3553(a) states that courts shall consider a variety of factors when imposing a sentence, including: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants." *United States v. Bryant*, Crim. No. CCB-95-202-3, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

4

The Court has reviewed the relevant factors and finds that the § 3553(a) factors do not permit Epstein's release at this time. Epstein was the leader and coordinator of a large-scale, multi-year conspiracy which defrauded individuals and companies of more than fifty-million dollars. As the Court noted during sentencing, the scheme was massive, involved extreme dishonesty, and was very harmful to its many victims. (ECF No. 76-1, at 41.) The guidelines range applicable to Epstein was 151–188 months, and the Court varied downward substantially in imposing a sentence of 135 months. (ECF No. 59.)

To release Epstein now would effectively reduce this sentence to approximately 19 months—less than fifteen percent of the bottom of the guidelines range. (ECF No. 76, at 3.) Such a sentence would not reflect the seriousness with which the Court views Epstein's crimes, nor the extent of the harm he caused. Likewise, it would produce a peculiar and unwarranted sentencing disparity between Epstein and his co-defendants, with the most egregious offender receiving among the most lenient sentences. *(See id.)* The Court acknowledges that Epstein had a fairly modest criminal record prior to this offense, and that the risk of recidivism is likely relatively low given his age and health. However, the Court finds that the severity of his crimes, the massive accompanying harm, the need to protect the public, and the need for deterrence all weigh strongly against release. While the Court's analysis would be different if Epstein were approaching his final years of confinement, the Court cannot find that a mere 19 months would be an appropriate sentence for Epstein under § 3553(a).

Denying compassionate release is not a decision the Court makes lightly. The Court is disturbed by the outbreak at FCI Jesup and particularly troubled by Epstein's report that he has been cohorted with 77 other inmates. The Court acknowledges the very real danger posed by the COVID-19 pandemic and the serious concern that Epstein and his family undoubtedly feel. But

having considered the factors enumerated under § 3553(a), the Court finds that release at this time would be inappropriate and that the existing sentence remains the sentence that is "sufficient, but not greater than necessary" to comply with the purposes of incarceration. 18 U.S.C. § 3553(a). Epstein's Motion for Compassionate Release (ECF No. 70) is accordingly DENIED.

DATED this 28 day of July, 2020.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge